FANNIE E. RICHARDS, ADMINISTRATRIX, V. WILLIAM J. CONNELL ET AL.

FILED JUNE 19, 1895.    No. 6051.

1. Negligence: DUTY OF LOT OWNER TO FENCE DANGEROUS EXCAVATION OR POND.   The owner of a vacant lot upon which is situated a pond of water or dangerous excavation is not required to fence it, or otherwise insure the safety of strangers, old or young, who may resort to said premises not by invitation, express or implied, but for the purpose of amusement or from motives of curiosity.

2. ———: ———: DAMAGES.   The plaintiff's intestate, a boy ten years of age, who was accustomed to play in and about a pond of water on a vacant lot, the property of defendants, fell from a section of wooden sidewalk which he was using as a raft on said pond and was drowned.   *Held,* That the defendants are not liable for damages, and their demurrer to the petition was properly sustained.

ERROR from the district court of Douglas county.   Tried below before DOANE, J.

The facts are stated in the opinion.

*Breckenridge & Breckenridge* and *L. F. Crofoot*, for plaintiff in error, cited: *Barrett v. Southern P. R. Co.*, 27 Pac. Rep. [Cal.], 666; *Penso v. McCormick*, 25 N. E. Rep. [Ind.], 156; *Crogan v. Schiele*, 53 Conn., 186; *Toomey v. Sanborn*, 146 Mass., 28; *City of Indianapolis v. Emmel-*

*man,* 108 Ind., 530; *Khron v. Brock,* 144 Mass., 516; *Gulf, C. & S. F. R. Co. v. Styron,* 66 Tex., 421; *Powers v. Harlow,* 53 Mich., 507; *Beck v. Carter,* 68 N. Y., 283; *Barnes v. Ward,* 9 M., G. & S. ['Eng.], 392; *Hadley v. Taylor,* L. R., 1 C. P. [Eng.], 53; *Sioux City & P. R. Co. v. Stout,* 17 Wall. [U. S.], 657; *Westerfield v. Levis,* 9 So. Rep. [La.], 52; *Lynch v. Smith,* 104 Mass., 52; *City of Chicago v. Hesing,* 83 Ill., 204; *Hydraulic Works Co. v. Orr,* 83 Pa. St., 332; *Birge v. Gardiner,* 19 Conn., 507; *Keffe v. Milwaukee & St. P. R. Co.,* 21 Minn., 207; *Nagel v. Missouri P. R. Co.,* 75 Mo., 653; *Schmidt v. Kansas City Distilling Co.,* 2 S. W. Rep. [Mo.], 417; *City of Chicago v. Keefe,* 114 Ill., 222; *Village of Carterville v. Cook,* 129 Ill., 152; *Brennan v. City of St. Louis,* 92 Mo., 482.

*Connell & Ives, contra,* cited: *Klix v. Nieman,* 32 N. W. Rep. [Wis.], 223; *Overholt v. Vieths,* 6 S. W. Rep. [Mo.], 74; *Ratte v. Dawson,* 52 N. W. Rep. [Minn.], 965; *Gillespie v. McGowan,* 100 Pa. St., 144; *McEachern v. Boston & M. R. Co.,* 23 N. E. Rep. [Mass.], 231; *Clark v. Manchester,* 62 N. H., 578; *Pierce v. Whitcomb,* 48 Vt., 127; *Hargreaves v. Deacon,* 25 Mich., 1; *Sweeny v. Old Colony & N. R. Co.,* 10 Allen [Mass.], 368; *Schmidt v. Bauer,* 22 Pac. Rep. [Cal.], 256; *Benson v. Baltimore Traction Co.,* 26 Atl. Rep. [Md.], 975; *Murphy v. City of Brooklyn,* 23 N. E. Rep. [N. Y.], 888; *Nolan v. New York & N. H. R. Co.,* 4 Atl. Rep. [Conn.], 110; *Frost v. Eastern R. Co.* 9 Atl. Rep. [N. H.], 791; *Faris v. Hoberg,* 33 N. E. Rep. [Ind.], 1028; *Thiele v. McManus,* 28 N. E. Rep. [Ind.], 327.

Post, J.

This was an action in the district court of Douglas county by Fannie E. Richards, as administratrix of the estate of George Bertram Weston, deceased, against the city of Omaha, William J. Connell, and William E. Clark. It

was held by the district court, on demurrer interposed by Connell and Clark, that the petition failed to state a cause of action as against them, which is the only ruling assigned as ground for the reversal of the judgment of dismissal as to the defendants named.

The allegations of the petition, so far as they refer to the defendants in error, are, in substance, as follows: On the 29th day of June, 1891, and for a long time prior thereto, said Clark was the owner of lots Nos. 40 and 41, in Hickory Place, an addition to the city of Omaha, and said Connell was during said time the owner of the adjoining premises, described as lot No. 59, in Redick's second addition to said city; that the defendants had for a long time prior to the day named negligently permitted the surface water to accumulate on said lots, thereby creating a deep and dangerous pond, and that they had failed and neglected to fence said lots or to erect barriers of any kind to prevent children, lawfully in the vicinity thereof, from falling into said pond; that said lots are situated in the vicinity of one of the public schools of said city, and the pond aforesaid is not only dangerous to persons passing along South Twenty-fifth street adjacent thereto, but is in a public and much frequented place and attractive to children of tender age, many of whom are accustomed to play about and upon said water; that on said June 29, 1891, the plaintiff's intestate, a boy ten years of age, yielding to the natural impulse of childhood, went on said pond upon a section of wooden sidewalk floating thereon, from which he fell into said pond and was drowned. The language of the petition is somewhat ambiguous, but there is in the brief of plaintiff's counsel no claim that the deceased at the time of the accident was passing along the street or that the fatal result thereof is directly or indirectly chargeable to a proper use of the sidewalk. On the other hand, the construction, in which both parties appear to concur, is that the deceased had constructed a raft of the floating sidewalk,

from which he fell while thus engaged at play on the pond. The petition, we think, fails to state a cause of action against the defendants, and that the demurrers were rightly sustained. The single question presented by the record is whether the owner of a vacant lot upon which is situated a pond of water or a dangerous excavation is required to fence it or otherwise insure the safety of strangers, old or young, who may go upon said premises not by his invitation, express or implied, but for the purpose of amusement or from motives of curiosity. The authorities we find to be in substantial accord, and sustain the proposition that independent of statute no such liability exists.

In *Hargreaves v. Deacon*, 25 Mich., 1, which was an action for the death of the plaintiff's son, a child of tender years, by drowning in a cistern left unguarded, it is said: "Cases are quite numerous in which the same questions have arisen which arise in this case, and we have found none which hold that an accident from negligence, on private premises, can be made the ground of damages, unless the party injured has been induced to come by personal invitation, or by employment which brings him there, or by resorting there as to a place of business or of general resort held out as open to customers or others whose lawful occasions may lead them to visit there. We have found no support for any rule which would protect those who go where they are not invited, but merely with express or tacit permission, from curiosity or motives of private convenience, in no way connected with business or other relations with the occupant."

In *Klix v. Nieman*, 68 Wis., 271, a case quite similar to that before us, it is said, after an exhaustive review of the authorities: "Upon the facts we do not think the law imposed the duty upon the defendant of building a fence or guard to prevent children from reaching the pond; therefore he is not liable for the death of the child."

In *Ratte v. Dawson*, 52 N. W. Rep. [Minn.], 965, an

infant three years of age was by an elder sister taken for recreation to a vacant lot, and accidentally killed by the caving in of an embankment, caused by excavation for sand, which had been left unfenced. In the opinion of the court it is said: "The parties were clearly trespassers. They were not on the premises by plaintiff's invitation or for any lawful purpose. He owed then no duty to fence or guard his premises to prevent them from entering and exposing themselves to danger."

In *Clark v. Manchester*, 62 N. H., 578, it is said: "The plaintiff's intestate was not upon the land of the defendants, where he was drowned, by express or implied invitation, for any purpose. The fact that the ground was uninclosed, and that the deceased and people at their pleasure went there without objection, was not an invitation; and from that fact alone no license can be inferred. The fact that the person who suffered injury and death was an infant child does not change the question nor create a liability against the defendants where none would have existed in case of an injury to an adult person under similar circumstances." And to the same effect see *Overholt v. Vielhs*, 6 S. W. Rep. [Mo.], 74; *Gillespie v. McGowan*, 100 Pa. St., 144; *Pierce v. Whitcomb*, 48 Vt., 127; *McEachern v. Boston & M. R. Co.*, 150 Mass., 515; *Gay v. Essex Electric Street R. Co.*, 159 Mass., 238; *Beck v. Carter*, 68 N. Y., 283; Cooley, Torts, 606; Shearman & Redfield, Negligence, sec. 505.

This class of cases rests upon an entirely different principle from those cases in which the injury resulted from a lawful and proper use of the street or sidewalk adjacent to a dangerous excavation. In the latter cases the law imposes upon the owner or occupant the duty to protect the traveling public, and he will be liable for the consequences of a failure to discharge that duty, while in the former he owes no duty to the general public in that respect. We are referred to a number of cases which counsel argue sustain the plaintiff's right to recover on the facts alleged, and which may be classified as follows:

1. Cases in which the owner of land has made or permitted a dangerous excavation, embankment, or the like, so near a public highway as to injure one in the rightful use thereof. The principle which underlies this class of cases is, as we have seen, that the owner of land is required to so use it as not to imperil the life or property of another, and are, therefore, not authority in case at bar.

2. Cases in which the defendant has negligently left exposed dangerous machinery likely to attract children and resulting in their injury. Illustrative of this class which constitute a recognized exception to the rule are the so-called turn-table cases.

3. Cases where the plaintiff was injured while upon the defendant's premises by invitation of the latter, and where the negligence consists in a failure to keep such premises in a reasonably safe condition.

But in no case cited has a recovery been allowed on a state of facts substantially like those alleged in the petition under consideration. It follows that the judgment of the district court is right and must be

AFFIRMED.