### AKRON WATERWORKS CO. v. HIRAM S. SWARTZ, ADMR.

1. BILL OF EXCEPTIONS TRANSMITTED TOO SOON IF SENT ON TENTH DAY AFTER NOTICE OF FILING—THIS NOT JURISDICTIONAL.

Where an excepting party has filed a bill of exceptions and the clerk, through no fault of the exceptor, transmits the same to the trial judge on the tenth day after service of notice of the filing thereof on the adverse party, this is too soon under Rev. Stat. 5301 (Lan. 8813) but this irregularity is not jurisdictional unless it is made to appear that such adverse party has been really prejudiced thereby.

2. MERE EXISTENCE OF AN ARTIFICIAL BODY OF WATER IS NOT DANGEROUS ALLUREMENT TO CHILDREN.

A reservoir owned by a waterworks company, without circumstances making it especially hazardous or enticing to children, is not a dangerous allurement and the owner thereof is under no more obligation to infant trespassers in respect thereto than to adults.

[Syllabus approved by the court.]

ERROR to Summit common pleas court.

Allen, Waters & Andress, for plaintiff in error:

The Water Works Company owed no legal duty to Claribel Bush to fence her out of its premises, or to make and maintain a fence around its reservoir child proof. The case is distinguishable from the so-called turntable cases. *Gillespie* v. *McGowen*, 100 Pa. St. 144 [45 Am. Rep. 365]; *Lake Shore & M. S. Ry.* v. *Liidtke*, 69 Ohio St. 384 [69 N. E. Rep. 653]; *Ann Arbor Ry.* v. *Kinz*, 68 Ohio St. 210 [67 N. E. Rep. 479]; *Cin. H. & D. Ry.* v. *Aller*, 64 Ohio St. 183 [60 N. E. Rep. 205]; *Buchtel College* v. *Martin*, 25 O. C. C. 494; *Greeley Bros. Co.* v. *Zeithaml*, 25 O. C. C. 451; *Stendal* v. *Boyd*, 73 Minn. 53 [75 N. W. Rep. 735; 42 L. R. A. 288; 72 Am. St. Rep. 597]; *Erickson* v. *Railway*, 82 Minn. 60 [84 N. W. Rep. 462; 51 L. R. A. 645; 83 Am. St. Rep. 410]; *Redigan* v. *Railway*, 155 Mass. 44 [28 N. E. Rep. 1133; 14 L. R. A. 276; 31 Am. St. Rep. 520]; *Cusick* v. *Adams*, 115 N. Y. 55 [21 N. E. Rep. 673; 12 Am. St. Rep. 772]; *Walsh* v. *Railway*, 145 N. Y. 301 [39 N. E. Rep. 1068; 27 L. R. A. 724; 45 Am. St. Rep. 615]; *Moran* v. *Car Co.* 134 Mo. 641 [36 S. W. Rep. 659; 33 L. R. A. 755; 56 Am. St. Rep. 543]; *Paolino* v. *McKendall*, 24 R. I. 432 [53 Atl. Rep. 268; 60 L. R. A. 133; 96 Am. St. Rep. 736]; *Ryan* v. *Towar*, 128 Mich. 463 [87 N. W. Rep. 644; 55 L. R. A. 310; 92 Am. St. Rep. 481]; *Uthermohlen* v. *Bogg's Run Co.* 50 W. Va. 457 [40 S. E. Rep. 410; 55 L. R. A. 911; 88 Am. St. Rep. 884];

Summit County.

*Frost* v. *Railway,* 64 N. H. 220 [9 Atl. Rep. 790; 10 Am. St. Rep. 396] ; *Dobbins* v. *Railway,* 91 Tex. 60 [41 S. W. Rep. 62; 38 L. R. A. 573; 66 Am. St. Rep. 856] ; *Ritz* v. *Wheeling,* 45 W. Va. 262 [31 S. E. Rep. 993; 43 L. R. A. 148] ; *Peters* v. *Bowman,* 115 Cal. 345 [47 Pac. Rep. 113, 598; 56 Am. St. Rep. 106].

The evidence in law does not establish as to the decedent or anyone else an invitation expressed or implied, or a license; mere sufferance or toleration of trespassers does not create either. *Buchtel College* v. *Martin,* 25 O. C. C. 497 ; *Pitts. Ft. & C. Ry.* v. *Bingham,* 29 Ohio St. 364 [23 Am. Rep. 751] ; *Cin. H. & D. Ry.* v. *Aller,* 64 Ohio St. 183 [60 N. E. Rep. 205] ; *Ryan* v. *Towar,* 128 Mich. 463 [87 N. W. Rep. 644; 55 L. R. A. 310; 92 Am. St. Rep. 481].

The opening in the fence was not the proximate cause of the injury. *Lake Shore & M. S. Ry.* v. *Liidtke,* 69 Ohio St. 384 [69 N. E. Rep. 653].

No recovery could be had in case there could be any liability for the opening in the fence until it was shown that the Water Works Company had notice of such opening and in violation of some legal duty to the deceased failed to remedy it. *Greeley Bros. Co.* v. *Zeithaml,* 25 O. C. C. 450.

The defendant in error undoubtedly relies upon the principles involved in the so-called turntable cases to support a right of recovery in this case, but we say, first, the case is distinguishable from the turntable cases and the doctrine of those cases will not be extended, and we desire to call the court's attention to the law limiting, as well as the court's attention to the most eminent authorities in this country that have repudiated the doctrine of the turntable cases, to wit: *Frost* v. *Railway,* 64 N. H. 220 [9 Atl. Rep. 790; 10 Am. St. Rep. 396] ; *Daniels* v. *Railway,* 154 Mass. 349 [28 N. E. Rep. 283; 13 L. R. A. 248; 26 Am. St. Rep. 253] ; *Walsh* v. *Railway,* 145 N. Y. 301 [39 N. E. Rep. 1068; 27 L. R. A. 724; 45 Am. St. Rep. 615] ; *Rodgers* v. *Lees,* 140 Pa. St. 475 [21 Atl. Rep. 399; 12 L. R. A. 216; 23 Am. St. Rep. 250] ; *Gillespie* v. *McGowen,* 100 Pa. St. 144 [45 Am. Rep. 365] ; *Paolina* v. *McKendall,* 24 R. I. 432 [53 Atl. Rep. 268; 60 L. R. A. 133; 96 Am. St. Rep. 736] ; *Turess* v. *Railway,* 61 N. J. L. 314 [40 Atl. Rep. 614] ; *Uthermolen* v. *Bogg's Run Co.* 50 W. Va. 457 [40 S. E. Rep. 410; 55 L. R. A. 911; 88 Am. St. Rep. 884] ; *O'Connor* v. *Railway,* 44 La. Ann. 339 [10 So. Rep. 678] ; *Catlett* v. *Railway,* 57 Ark. 461 [21 S. W. Rep. 1062; 38 Am. St. Rep. 254] ; *Indianapolis* v. *Emmelman,* 108 Ind. 530 [9 N. E. Rep. 155; 58 Am. Rep. 65].

The following states once adopted the doctrine but now repudiate it. *Ryan* v. *Towar,* 128 Mich. 463 [87 N. W. Rep. 644; 55 L. R. A. 310; 92

Waterworks Co. v. Swartz.

Am. St. Rep. 481]; Overruling *Powers* v. *Barlow*, 53 Mich. 507 19 N. W. Rep. 257; 51 Am. St. Rep. 154]. *Savannah, F. & W. Ry.* v. *Beavers*, 113 Ga. 398 [39 S. E. Rep. 82; 54 L. R. A. 314]; *Nolan* v. *Railway*, 53 Conn. 461 [4 Atl. Rep. 106]; *Dobbins* v. *Railway*, 91 Tex. 60 [41 S. W. Rep. 62; 38 L. R. A. 573; 66 Am. St. Rep. 856].

The doctrine of the turntable cases is recognized but strictly confined to the facts and made applicable to nothing else but turntables in Minnesota, Tennessee, California and Nebraska.

The child has been a trespasser upon the premises for some hours before she knew that there was any water or a reservoir upon the premises, and as said in 3 Elliott, Railroads Sec. 1259:

"But even if a railroad company should be held liable as in some of the cases where it leaves a turntable unguarded and unfastened in an exposed place near a highway or place where the public have a right to go, and children frequently do go, it does not follow, it seems to us, that it would be liable where the turntable is far from such a place in an isolated position upon the company's grounds and we believe that in such a case the court might so hold as a matter of law. See *St. Louis, V. & T. H. Ry.* v. *Bell*, 81 Ill. 76 [25 Am. Rep. 269]."

Certainly this must be true where the child could not have been attracted by it until after he became a trespasser.

The mother, who is asking for a money judgment against the Water Works Company, ought to be charged with the negligence of the Bowers girl. She and only she trusted the Bowers girl. *Ann Arbor Ry.* v. *Kinz*, 68 Ohio St. 210 [67 N. E. Rep. 479]; *Uthermohlen* v. *Bogg's Run Co.* 50 W. Va. 457 [40 S. E. Rep. 410; 55 L. R. A. 911; 88 Am. St. Rep. 884]; *Savannah, F. & W. Ry.* v. *Beavers*, 113 Ga. 398 [39 S. E. Rep. 82; 54 L. R. A. 314].

Cases commented upon. *Bellefontaine & Ind. Ry.* v. *Snyder*, 18 Ohio St. 399 [98 Am. Dec. 175]; *Bellefontaine Railway* v. *Snyder*, 24 Ohio St. 670; *Wolf* v. *Railway*, 55 Ohio St. 517 [45 N. E. Rep. 708; 36 L. R. A. 812].

**Musser, Kohler & Mottinger** and **Grant & Sieber**, for defendant in error:

Cited and commented upon the following authorities. *Davies* v. *Railway*, 71 Ohio St. 325 [73 N. E. Rep. 213]; *Ford* v. *Osborne*, 45 Ohio St. 1 [12 N. E. Rep. 526]; *Lake Shore & M. S. Ry.* v. *Liidtke*, 69 Ohio St. 384 [69 N. E. Rep. 653]; *Bellefontaine & I. Ry.* v. *Snyder*, 18 Ohio St. 399 [98 Am. Dec. 175]; *Harriman* v. *Railway*, 45 Ohio St. 11 [12 N. E. Rep. 451; 4 Am. St. Rep. 507]; *Mattson* v. *Railway*, 104 N. W. Rep. 443, 445 (Minn.); *Stendal* v. *Boyd*, 73 Minn. 53 [75 N. W. Rep. 735;

Summit County.

42 L. R. A. 288; 72 Am. St. Rep. 597]; *Price* v. *Water* _ɔ. 58 Kan. 551 [50 Pac. Rep. 450; 62 Am. St. Rep. 125]; *Birge* v. *Gardiner*, 19 Conn. 507 [50 Am. Dec. 261]; *Mullaney* v. *Spence*, 15 Abb. Pr. (N. S.) 319. *Kansas C. Ry.* v. *Fitzsimmons*, 22 Kan. 686 [31 Am. Rep. 203]; *Sioux City & P. Ry.* v. *Stout*, 84 U. S. (17 Wall.) 657 [21 L. Ed. 745]; *Keffe* v. *Railway*, 21 Minn. 207 [18 Am. Rep. 393]; *Mackey* v. *Vicksburg*, 64 Miss. 777 [2 So. Rep. 178]; *Daley* v. *Railway*, 26 Conn. 591; *Powers* v. *Harlow*, 53 Mich. 507 [19 N. W. Rep. 257; 51 Am. Rep. 154]; *Bransom* v. *Labrot*, 81 Ky. 638 [50 Am. Rep. 193]; *Whirley* v. *Whiteman*, 38 Tenn. (1 Head.) 611; *Pekin (City)* v. *McMahon*, 154 Ill. 141 [39 N. E. Rep. 484; 27 L. R. A. 206; 45 Am. St. Rep. 114]; *Smith* v. *O'Connor*, 48 Pa. St. 218; *Union Pac. Ry.* v. *Dunden*, 37 Kan. 1 [14 Pac. Rep. 501]; *Koons* v. *Railway*, 65 Mo. 592; *Evansich* v. *Railway*, 57 Tex. 126 [44 Am. Rep. 586]; *Nelson* v. *McLellan*, 31 Wash. 208 [71 Pac. Rep. 747; 60 L. R. A. 793]; *Chicago & E. Ry.* v. *Fox*, 70 N. E. Rep. 81 (Ind.); *Walters* v. *Light Co.* 17 Colo. App. 192 [68 Pac. Rep. 117]; *Consolidated Elec. L. & P. Co.* v. *Healy*, 65 Kan. 798 [70 Pac. Rep. 884]; *Rachmel* v. *Clark*, 205 Pa. St. 314 [54 Atl. Rep. 1027; 62 L. R. A. 959]; *Kessler* v. *Berger*, 205 Pa. St. 289 [54 Atl. Rep. 887; 61 L. R. A. 611]; *Harper* v. *Kopp*, 24 Ky. Law. 2342 [73 S. W. Rep. 1127]; *Edgington* v. *Railway*, 116 Iowa 410 [90 N. W. Rep. 95; 57 L. R. A. 561]; *Union Pac. Ry.* v. *McDonald*, 152 U. S. 262 [14 Sup. Ct. Rep. 619; 38 L. Ed. 434]; *Atchison & N. Ry.* v. *Bailey*, 11 Neb. 332, 336 [9 N. W. Rep. 50]; *Tucker* v. *Draper*, 62 Neb. 66 [86 N. W. Rep. 917; 54 L. R. A. 321]; *Barrett* v. *Railway*, 91 Cal. 296 [27 Pac. Rep. 666; 25 Am. St. Rep. 186]; *Chicago, B. & Q. Ry.* v. *Krayenbuhl*, 65 Neb. 889 [91 N. W. Rep. 880; 59 L. R. A. 920]; *Huff* v. *Ames*, 16 Neb. 139 [19 N. W. Rep. 623; 49 Am. St. Rep. 716]; 2 Shearman & Redfield, Negligence (4 ed.) Sec. 705; 1 Thompson, Negligence p. 304; Wharton, Negligence Secs. 250-265; *St. Louis, V. & T. H. Ry.* v. *Bell*, 81 Ill. 76; *Kinchlow* v. *Elevator Co.* 57 Kan. 374 [46 Pac. Rep. 703]; *McAllister* v. *Jung*, 112 Ill. App. 138; *Donk Bros. Coal & C. Co.* v. *Leavitt*, 109 Ill. App. 385; *Chicago & E. Ry.* v. *Fox*, 70 N. E. Rep. 81 (Ind.); *Lawson* v. *Waterworks Co.* 111 La. 73 [35 So. Rep. 390]; *Northwestern Elevated Ry.* v. *O'Malley*, 107 Ill. App. 599; *Alabama G. S. Ry.* v. *Crocker*, 131 Ala. 584 [31 So. Rep. 561]; *American Advertising & B. P. Co.* v. *Flannigan*, 100 Ill. App. 452; *Kopplekom* v. *Cement-Pipe Co.* 16 Colo. App. 274 [64 Pac. Rep. 1047]; *De Tarr* v. *Brewing Co.* 62 Kan. 188 [61 Pac. Rep. 689]; *Jeusen* v. *Wetherell*, 79 Ill. App. 33; *Denver City Tramway Co.* v. *Nicholas*, 84 Pac. Rep. 813 (Colo.); *Wahlgren* v. *Railway*, 132 Cal. 656 [62 Pac. Rep. 308; 64 Pac. Rep. 993]; *Evansville* v. *Christy*, 29 Ind. App. 44 [63 N. E. Rep. 867];

Waterworks Co. v. Swartz.

29 Am. & Eng. Enc. of Law (2 ed.) 35; *Cleveland Rolling Mill Co.* v. *Corrigan,* 46 Ohio St. 283 [20 N. E. Rep. 466; 3 L. R. A. 385; 15 Am. St. Rep. 596]; *Lake Erie & W. Ry.* v. *Mackey,* 53 Ohio St. 370 [41 N. E. Rep. 980; 29 L. R. A. 757; 53 Am. St. Rep. 640].

**HENRY, J.**

This was an action for death by wrongful act, begun August 1, 1903, by Hiram S. Swartz, as administrator of the estate of Claribel Georgia Bush, a child of nine years, who was drowned May 23, 1903, in a reservoir of the Akron Waterworks Company, in the outskirts of the city of Akron. The plaintiff below recovered a verdict of $1,100, December 12, 1905, whereon judgment was rendered January 8, 1906. The defendant below filed its bill of exceptions February 16, 1906, and notice thereof was mailed to plaintiff's attorneys upon the same day. No objections or amendments thereto were filed, and the bill was transmitted to the trial judge on Monday, February 26, 1906. It was signed and returned to the clerk on the second day thereafter. The record of the case is before us for review upon petition in error. The defendant in error has, however, interposed a motion to strike the bill of exceptions from the files upon the ground that it was prematurely transmitted to the trial judge and that the full time allowed by law for filing objections and amendments was, therefore, not afforded.

Revised Statutes 5301 (Lan. 8813) provides that such objections or amendments shall be filed "within ten days after" the notice of the filing of the bill, and that the time for transmitting the bill to the trial judge begins to run "on the expiration" of said period of ten days.

Revised Statutes 4951 (Lan. 8466) provides that,

"Unless otherwise specially provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; and if the last be Sunday, it shall be excluded."

It is clearly apparent, from these provisions of law, that where, as in this case, notice of the filing of a bill is given on the sixteenth day of the month, the adverse party, being entitled to ten full days within which to file objections or amendments, should have the entire twenty-sixth day of the month, unless it be Sunday, available to him for that purpose. And since the bill in this case was transmitted to, and received by, the trial judge on that day, it is manifest that the right of defendant in error in that behalf was invaded by the clerk in thus abridging his time by one day. It should be noted, however; first, that the plaintiff in error is not in any way chargeable with this mistake,

for the statute makes it the duty of the clerk alone to attend to the transmission of the bill, and the plaintiff in error is under no duty to instruct the clerk or to anticipate that he will act prematurely in this behalf. Secondly, it is not shown nor suggested that the bill is in fact open to any objection or amendment. In *Davies* v. *Railway*, 71 Ohio St. 325 [73 N. E. Rep. 213], it is held that where a party taking a bill of exceptions has seasonably filed the same "he has performed all the duties imposed upon him by the statute." And in the opinion of the court by Price, J., it is said at page 334:

"Under our former statutes, several things were required of the excepting party in order to obtain a review of his case. Some of these were held in former decisions of this court to be mandatory and jurisdictional, and if not complied with the bill could not be considered. We hope that day is now past."

The present statute differs in no material particular from the one then under consideration, and we think the rule now is, that, where the excepting party is not in fault and the bill is, in fact, properly and seasonably signed, absolute regularity with respect to intermediate steps is not jurisdictional. If the adverse party, in good faith and within the time allowed him by law, applied in vain for an opportunity to examine the bill, or to file objections or amendments thereto, we apprehend that the law will not permit him to be prejudiced if he takes appropriate measures to manifest and secure his rights.

The motion of defendant in error to strike the bill of exceptions from the files will therefore be overruled.

On the merits of the case, the facts are substantially as follows:

The reservoir into which the child fell was an artificial body of water surrounded by an embankment, with steep sides sloping towards the water, and enclosed by a picket fence. There was a footpath along the embankment inside the fence, and a private driveway led from the highway to and around the reservoir. The place was not adjacent to any public road or habitation, but was somewhat frequented by pleasure seekers, including children, without any protest on the part of the water works company, though the facts imply some notice to it of the practice as well as of the circumstance that two pickets were missing from the fence at a point where children might, if they chose crawl through the hole thus left and enter the enclosure.

The decedent, who lived some distance away, was given permission by her mother, on the afternoon of the accident, to go into the woods in that vicinity with two companions to play. Neither the mother nor

### Waterworks Co. v. Swartz.

any of the children knew of the existence of the reservoir at that time, so far as appears. The children, wandering about, discovered the reservoir, crawled through the hole in the fence and were playing on the embankment when the decedent fell into the water and was drowned. No one else was present while the children were there. There was nothing about the reservoir to make it more attractive to children than other natural or artificial bodies of water usually are.

The fundamental question in the case is, therefore, whether these facts constitute the negligent maintenance of an object alluring and dangerous to children. We think there cannot be any question of contributory negligence left in the case after the verdict of the jury. Furthermore, although there is some conflict of authority on this point, we find the decided weight of authority to be, that the mere existence of a body of water, natural or artificial, does not amount to a dangerous allurement to children so as to bring it within the rule of the torpedo cases, in this state, or the turntable cases, in other states. Unless there are, besides the presence of the water itself, other circumstances specially enticing and hazardous to children, whereby they are led by their infantile instincts to incur the danger of drowning, the proprietor of a body of water is under no higher duty to infant trespassers or licensees than to adults. *Dobbins* v. *Railway*, 91 Tex. 60 [41 S. W. Rep. 62; 38 L. R. A. 573; 66 Am. St. Rep. 856]; *Grindley* v. *McKechnie*, 163 Mass. 494 [40 N. E. Rep. 764]; *Peters* v. *Bowman*, 115 Cal. 345, 365 [47 Pac. Rep. 113, 598]; *Omaha* v. *Bowman*, 52 Neb. 293 [72 N. W. Rep. 316; 40 L. R. A. 531; 66 Am. St. Rep. 506]; *Moran* v. *Car Co.* 134 Mo. 641 [36 S. W. Rep. 659; 33 L. R. A. 755; 56 Am. St. Rep. 543]; *Klix* v. *Nieman*, 68 Wis. 271 [32 N. W. Rep. 223; 60 Am. Rep. 854]; *Richards* v. *Connell*, 45 Neb. 467 [63 N. W. Rep. 915].

Many other authorities directly in point on the facts might also be cited.

The judgment must be reversed for error in refusing to grant the motion of defendant below that a verdict in its favor be directed. And proceeding to render the judgment which the court of common pleas should have rendered upon the conceded facts of the case, we here enter judgment for plaintiff in error.

**Marvin** and **Winch, JJ.,** concur.