JOHN C. TROUTON, ADMINISTRATOR, APPELLANT, v. NEW OMAHA THOMSON-HOUSTON ELECTRIC LIGHT COMPANY, APPELLEE.

FILED DECEMBER 21, 1906.    No. 14,543.

Petition examined, and *held* obnoxious to a general demurrer under the former decision of this court in *New Omaha T.-H. E. L. Co. v. Anderson*, 73 Neb. 84, which is herein followed and approved.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*F. T. Ransom* and *Gurley & Woodrough*, for appellant.

*W. W. Morsman*, contra.

OLDHAM, C.

This is an action by the administrator of the estate of James Adams, deceased, for the benefit of the next of kin, in which the plaintiff seeks a recovery against the defendant because of its alleged negligent acts in connection with the management of its electric wires, by means of which a bolt of electricity is charged to have passed down a ladder, which was being removed from between the wires by the deceased and three other members of the fire department of the city of Omaha, and which occasioned the death of each of the firemen so engaged. Two cases involving this same injury have been before this court, and every question then at issue was examined and finally determined in the opinion delivered in *New Omaha T.-H.*

*E. L. Co. v. Anderson,* 73 Neb. 84. As every question then involved in the controversy is set forth and discussed in that opinion, we need only consider such new allegations in the present petition as seek to charge acts of negligence not considered in that opinion. During the pendency of the appellate proceedings in the two cases before mentioned, the case now at bar remained undisposed of on the docket of the district court for Douglas county, and after the opinions in the other two cases were delivered by this court plaintiff filed an amended petition, to which a demurrer was interposed. This demurrer was sustained by the trial court. Plaintiff then asked leave to file a second amended petition, which was not verified, and, this leave being denied, the court dismissed the amended petition. To reverse this judgment of dismissal plaintiff has appealed to this court.

As there was no showing of any abuse of discretion in the refusal of the trial court to permit the filing of the second amended petition, and as on such refusal plaintiff appears to have elected to stand on his first amended petition, we will review the judgment of the trial court in sustaining defendant's demurrer and dismissing this petition. In our opinion in *New Omaha T.-H. E. L. Co. v. Anderson, supra,* we held, in substance, that the members of the fire company, while engaged in ascending and descending their ladder and in entering buildings for the purpose of extinguishing fires, were not trespassers, but mere licensees, who must, so far as the liability of the defendant company is concerned, at their own risk enter the premises in the condition in which they found them, and that, while so engaged, the defendant company was liable only for injuries intentionally or wantonly inflicted by it. We also held that, under the provisions of the ordinance of the city of Omaha pleaded in the petition, the chief of the fire department and the city electrician had sole charge of the matter of cutting and removing the wires of the defendant company during the time of the fire, and that the lineman, who was furnished by the

company to attend at places of fire, acted, while performing such duty, under the sole charge of the fire chief and the city electrician, and not as the agent of the defendant. In the amended petition in the case at bar plaintiff, after alleging the death of his intestate from a bolt of electricity hurled down the fire ladder while it was being removed from between the wires of the defendant company, set up, in substance, the ordinance of the city of Omaha, which was reviewed in our former opinion, and alleged that the defendant company sent a lineman to the fire in conformity with the provisions of this ordinance, and that it was the duty of the chief of the fire department and the city electrician to cut the wires, when it was necessary for the safety of those engaged in extinguishing fires, and alleged that they (the officers and lineman) neglected to perform this duty. If the petition had gone no further, it would plainly have failed to state a cause of action against the defendant, under our former opinion; but it proceeds to charge that the defendant, for the purpose of protecting its property and restoring and repairing the wires that might be cut at the time of the fire, sent another employee, named Brinkman, to repair and restore wires and prevent its property from being unnecessarily destroyed, and "to speak and act for the defendant," and that this latter employee was present when the firemen attempted to lower the ladder, and that he knew of the danger to the firemen by reason of currents of electricity, which were, or might be, conducted by said wires, and that said wires might momentarily become charged with currents of electricity, and that, with such knowledge, Brinkman negligently and carelessly neglected to warn the firemen of the danger, but, on the contrary, carelessly, wantonly and negligently invited the firemen to proceed to lower the ladder by calling out to them: "All right, boys. Go ahead. Those wires are dead."

It is determined in the decision already rendered, with reference to this accident, that defendant light company owed no duty to the firemen to warn them of danger either

in ascending or descending the ladder or in removing it from between the wires after the fire was extinguished. This was a duty, if such duty existed, which, under the ordinance pleaded in the amended petition and under our former opinion, devolved upon the officers of the city, While the amended petition charges that Brinkman knew, or might have known, that the wires were, or might be, charged with dangerous currents of electricity, yet the petition simply shows a remark made by Brinkman, which amounted to an expression of his opinion that the wires were dead. Now, according to the allegations of the amended petition, Brinkman was not sent to cooperate with the officers of the fire company, but only to care for the property of the defendant, which might be injured at the fire, and there is nothing in the scope of the agency pleaded which would bind the company for an opinion he might express in the presence of the firemen as to whether the wires were dead or alive.

We are therefore of opinion that the judgment of the trial court in sustaining defendant's demurrer and dismissing plaintiff's petition was right, and we recommend that it be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.