ELIZABETH SPENCE, ADMINISTRATRIX, APPELLANT, V. PO-
LENSKI BROTHERS, SCHELLAK & COMPANY, APPELLEE.

FILED MARCH 27, 1923. No. 22298.

1. **Negligence:** LICENSEE. Where a pond is formed on the premises of an owner as the natural consequence of removing clay for the manufacture of brick, and where an employee of the owner, a boy 16 years of age, during the noon hour, without the direction of the master, either express or implied, but with his knowledge and consent, voluntarily goes swimming in the pond for his own pleasure, and not in furtherance of the master's business, and is drowned, such employee is a licensee, and the master owes no duty to him as long as no wanton or wilful injury is inflicted upon him by the master or his servants.

2. ———: PLEADING: SUFFICIENCY. Substance of petition set out in the opinion, and *held,* that demurrer of the defendant thereto on the ground that petition fails to state facts sufficient to constitute a cause of action was properly sustained.

APPEAL from the district court for Adams county: LEWIS H. BLACKLEDGE. JUDGE. *Affirmed.*

*James & Danly,* for appellant.

*Tibbets, Fuller & Tibbets, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN and DAY, JJ., RAPER, District Judge.

DAY, J.

This action was brought by the plaintiff in behalf of the next of kin of Raymond Spence, to recover damages for his death, alleged to have been caused by the negligence of the defendant. The trial court sustained a demurrer to the petition upon the ground that it failed to state a cause of action. Plaintiff elected to stand on the petition; whereupon the court entered a judgment dismissing the case. The plaintiff appeals.

The only question to be determined is whether the facts pleaded state a cause of action. We deem it unnecessary to set out the petition in full. In substance it charges that the defendant is a corporation engaged in the manufacture of tile and brick; that its plant is located about a mile from the business center of the city of Hastings, Nebraska, where it occupies between five and ten acres of ground; that in conducting its business it had made large excavations upon certain portions of its property for the purpose of using the clay and sand in the manufacture of its products; that during the rainy seasons the excavations thus made filled with water and became a dangerous menace to the employees working in and about the plant; that at one place surface water formed a pond which at the time and place in question was about 18 feet deep, and that, owing to the dark, reddish color of the water, it was impossible to judge of its depth; that the employees at the plant remained on the premises during the noon hour; that with the knowledge and consent of the defendant some of them were in the habit, during the noon hour, of wading and swimming in this pond; that on July 3, 1919, during the noon hour, Raymond Spence, a boy 16 years of age, who at the time was employed by the defendant at the plant, together with other employees, went swimming in the pond, and was drowned; that said Spence had been employed but a short time, and did not know the dangerous character of the pond, and on account of his youth did not realize or appreciate the danger; that the defendant knew that

the pond was a dangerous place, and knew that its employees were in the habit of swimming therein, and yet defendant negligently and carelessly permitted the pond to be and remain on the premises, and negligently and carelessly failed to give any notice or warning of the danger to its employees, and especially to the said Raymond Spence. The petition also contained this language: "That the death of the said Raymond Spence was caused by the negligent, careless and wrongful acts of the said defendant while the said Raymond Spence was in his usual course of employment." Other facts were alleged showing that the action was properly brought in the name of the plaintiff.

Upon the argument it was conceded that it was the intention of the pleader to base his cause of action upon the doctrine of negligence known at common law, and not upon the principles of the workmen's compensation act. It was further admitted by counsel for plaintiff, with commendable candor, that it was no part of Raymond Spence's duties to go swimming in the pond; that he went there voluntarily for his own pleasure during the noon hour, and not in furtherance of the master's business. Construing the petition in the light of this frank admission, which we are at liberty to do as being in the nature of the pleader's construction of the petition, we are led to conclude that, notwithstanding some general allegations of the petition which would seem to indicate that the deceased came to his death while in the performance of some duty, it was not intended by the petition to base the cause of action on the theory that the master had failed to exercise reasonable care to provide his servant with a reasonably safe place to work.

It is a well-settled doctrine that, before the master can be held liable for an injury to his servant growing out of such relationship, it must appear that the servant was injured through the negligence of the master, and that at the time of the injury the servant was engaged in carrying out some part of the master's business, or

going to or from the master's service along avenues provided by the master. The rule, however, does not extend to a situation where the servant at the time of the injury was acting outside of the scope of his employment, for his own purpose, without the direction of the master, either express or implied. This principle has been recognized by this court in *Blackman v. Western Electric Co.*, 97 Neb. 710, wherein it was held: "Where an employee voluntarily goes outside of the scope of his employment without the permission or the knowledge of his employer, and operates a rip-saw by which he is injured, the employer is not chargeable with actionable negligence for failing to give warnings of danger or instructions to prevent injury."

Under the facts alleged in the petition, together with the admitted facts made at the argument, we conclude that the unfortunate death of the deceased did not occur while he was in the performance of any of the duties of his employment, that he was not acting in any sense under the direction of his employer, either express or implied. It would seem, therefore, that the well-recognized principle that it is the duty of the master to exercise reasonable care to provide his servant with a reasonably safe place to work has no application to the facts before us.

What duty then did the defendant owe to the deceased? It is urged by the plaintiff that, inasmuch as the defendant knew that its employees were in the habit during the noon hour of swimming in the pond, and knew that it was dangerous to do so, therefore it was the duty of the defendant to warn the employees, and especially the deceased, of the danger. We are hardly prepared to agree with this general statement when applied to the facts in this case. Under the facts here presented we are inclined to the view that at the time and place of the accident the deceased was a licensee. It is true that the employees were permitted to remain on the premises during the noon hour, and perhaps to

roam about at pleasure, but such a privilege would hardly warrant the inference that they were invited to go swimming in the pond, even when coupled with the fact that the employer knew that the employees were in the habit of swimming in the pond. Mere knowledge or acquiescence on the part of the owner that persons are using his premises does not amount to an invitation so as to impose upon the owner the obligation which he owes to an invited guest. 20 R. C. L. 64, sec. 56.

The case here is not within the principle of *Brotherton v. Manhattan Beach Improvement Co.*, 48 Neb. 563. In that case the defendant was conducting an amusement park for hire, and a part of the amusement provided was a swimming place to which the public were invited. It was there held that it was a question for the jury whether it was negligence to fail to notify the guests of the depth of the water, or otherwise protect them from danger. Neither is the case one, where one falls into an unguarded excavation.

A case more nearly in point is *Shults v. Chicago, B. & Q. R. Co.*, 83 Neb. 272, wherein it was held: "Where one enters upon the premises of another with his consent, but without an invitation, and not in the discharge of any public or private duty, he is a bare licensee, and the occupier of the premises owes no duty to him as long as no wanton or wilful injury is inflicted upon him by the licensor or his servants." See *Chesley v. Rocheford & Gould*, 4 Neb. (Unof.) 768.

It is next urged that the maintenance of the pond, upon the premises by the defendant under the facts alleged made it an attractive nuisance to children, and brings the case within the rule announced in the Turntable cases, and that a cause of action is properly stated, based upon that theory. We are of the view, however, that the doctrine frequently announced in the class of cases generally known as the "Turntable" cases does not apply to the facts in the case at bar. By the great weight of decisions, our own included, the doctrine announced

in the Turntable cases has never been carried to the extent of including a pond within its scope. In *Richards v. Connell*, 45 Neb. 467, the facts were that the boy, ten years old, yielding to the natural impulses of childhood, using a section of a wooden sidewalk as a raft, went upon a pond on defendant's premises, from which raft he fell and was drowned. It was held: "The owner of a vacant lot upon which is situated a pond of water or dangerous excavation is not required to fence it, or otherwise insure the safety of strangers, old or young, who may resort to said premises not by invitation, express or implied, but for the purpose of amusement or from motives of curiosity."

Among the many cases which are readily to be found where children have been drowned in ponds, in which the courts have held there was no liability on the part of the owner, are the following: *City of Omaha v. Bowman*, 52 Neb. 293; *Peters v. Bowman*, 115 Cal. 345; *Stendal v. Boyd*, 73 Minn. 53; *Klix v. Nieman*, 68 Wis. 271; *Moran v. Pullman Palace Car Co.*, 134 Mo. 641; *Blough v. Chicago G. W. R. Co.*, 189 Ia. 1256.

We have not overlooked the case of *Tucker v. Draper*, 62 Neb. 66, wherein a recovery against the owner of premises was sustained for negligently causing the death of a child, three years and three months old, based upon the charge that the owner had negligently maintained upon the premises an unguarded well. The judgment was sustained upon the theory that the public generally, including the child, had been invited to use the premises, and also upon the theory that the well was in the nature of a dangerous trap, owing to the tender age of the child, and the peculiar circumstances surrounding the accident. The principle applied in that case has no application to the facts in the case at bar.

Upon a consideration of the facts alleged in the petition, we conclude that the petition fails to state a cause of action, and that the trial court was right in dismissing the case.

The judgment is therefore

AFFIRMED.