RAY G. GRIFFIS, APPELLANT, v. VILLAGE OF BRADY ET AL.,
APPELLEES.

272 N. W. 306

FILED APRIL 2, 1937. No. 29867.

*Beeler, Crosby & Baskins* and *Albert A. Mann,* for appellant.

*Hamer & Tye, Rosewater, Mecham, Shackelford & Stoehr, Halligan, Beatty & Halligan, Lowell C. Davis* and *J. T. Keefe, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

ROSE, J.

This is an action by Ray G. Griffis, plaintiff, to recover damages in the sum of $5,400 for alleged negligence resulting in personal injuries caused by contact with an electric light and power wire attached to a wooden pole line, the injuries being electric shock and electric burns on his right shoulder, right arm and right wrist.

The defendants are the villages of Brady and Maxwell and the Gothenburg Light and Power Company. They operate and maintain an electric light and power line for the transmission of electrical energy to the two villages, between which plaintiff resides as a tenant on a quarter-section of farm land. South and southwest of the farm buildings plaintiff had a 20-acre pasture with the unfenced southern boundary along the right of way of the Gothenburg Light and Power Company's canal, where there was a growth of willows and cottonwoods. The pole line carry-

ing the light and power wires ran through timber on the right of way north of the canal. Plaintiff's cows grazed in the pasture and drank water from the canal.

By the barking of a dog and the bawling of a cow just before midnight July 8, 1934, or shortly afterward, July 9, 1934, plaintiff was awakened, arose from his bed, dressed, saddled a horse and rode into the 20-acre pasture hunting for his cows. Shortly afterward his wife heard a horse running, went into the pasture in search of her husband and found him injured in the manner stated and unconscious on the ground by timber near the place where a pole in the light and power line had been broken and where two other poles were leaning out of line, thus lowering live wires, one of which was broken and louped over another. Evidence of the foregoing facts was adduced in support of the petition which alleged negligence of defendants in the care and maintenance of the light and power line, resulting in the injuries sustained by plaintiff.

Defendants denied the negligence charged, and pleaded that plaintiff's injuries, if any, were caused by his own negligence. After plaintiff adduced his evidence and rested, the district court directed a verdict in favor of each defendant for insufficiency of the evidence to support a finding in favor of plaintiff. From a dismissal of the action plaintiff appealed.

The controlling question presented by the record is the sufficiency of the evidence to prove actionable negligence on the part of defendants. They were at least chargeable with knowledge that plaintiff's cows grazed on the right of way and drank water from the canal. Defendants did nothing to prevent this use of their property. It fairly may be inferred that plaintiff was severely injured by contact with a broken or a sagging wire on the defective pole line, but it would be carrying inference too far to assume defendants should have anticipated the presence of plaintiff at the place of his injury at midnight. The failure to inspect, to discover the defect and to make repairs is charged as negligence, but plaintiff, himself, was familiar with the

premises and the surroundings. He had made his home on the quarter-section of land and had used the 20-acre pasture for five years. He knew the location of the pole line and the dangerous agency of the transmission wires. He testified that he saw a flash of light before he became unconscious; that he never requested permission from the Gothenburg Light and Power Company to use the right of way as a pasture for his stock; that he never procured such permission from defendants; that he never had any agreement to that effect. He did not promote any interest of any defendant by entering upon or using the right of way. There was no mutuality of interest to imply an invitation to run live stock on the premises of defendants or even to search for cows there at reasonable hours. He was on a mission of his own, serving his own purposes and interests. He was not, therefore, an invitee entitled to ordinary care. He was not induced by allurements of defendants to go to the place of danger. There was no proof of any affirmative act of defendants creating a pitfall or trap or new and sudden danger. The flash of light before plaintiff was injured gave its own warning when he was present and defendants were absent. The most plaintiff can properly claim for himself under the evidence is that he was a licensee. Immediate inspection, discovery of defects and repairs were not duties owing to a bare licensee. In this relation to defendants, the law has often been stated as follows:

"Where one, solely for his personal pleasure, convenience, or benefit, enters upon the premises of another with his consent, but without an invitation, express or implied, he is a bare licensee, and the occupier of the premises owes no duty to him save to refrain from wilfully or wantonly inflicting injury upon him." *Kruntorad v. Chicago, R. I. & P. R. Co.*, 111 Neb. 753, 197 N. W. 611. See, also, *Collins v. Sprague's Benson Pharmacy*, 124 Neb. 210, 245 N. W. 602; *Spence v. Polenski Bros., Schellak & Co.*, 110 Neb. 56, 193 N. W. 101; *Shults v. Chicago, B. & Q. R. Co.*, 91 Neb. 587, 136 N. W. 834; *Trouton v. New Omaha Thomson-Houston Electric Light Co.*, 77 Neb. 821, 110 N. W. 569; *New Omaha*

*Thomson-Houston Electric Light Co. v. Anderson,* 73 Neb. 84, 102 N. W. 89.

Within the meaning of this principle of law, the evidence on behalf of plaintiff shows conclusively that he did not and cannot make a case in his favor. The judgment against him, therefore, will be affirmed without discussion of other questions presented.

AFFIRMED.