DUNCAN D. SINCLAIR

*v.*

JOHN BERNDT.

1. CONTRIBUTORY NEGLIGENCE—*carelessness of servant injured.* Where a boy employed to do work generally about a planing mill, such as a boy of his age and strength was capable of doing, while engaged in a business not dangerous, with proper care, left his post and went to the place of another lad, in front of a saw, and put a board to the machine, and, while hurrying to get back to his own place, thoughtlessly put his hand on the saw, whereby he lost his fingers, it was *held*, that no recovery could be had by the boy's father in a suit against the employer, for the injury, owing to the boy's negligence, and that the boy himself, if suing, could not recover.

2. INSTRUCTION—*ignoring important fact on other side.* In an action by a father, against the proprietor of a planing mill, to recover damages for a personal injury sustained by his son while in the defendant's employment, an instruction that, if changing the boy's work was the cause of the accident and injury, the defendant was liable, where the whole evidence showed the injury was the result of the boy's own carelessness, was *held* erroneous, as ignoring the negligence of the boy.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action on the case, by John Berndt, against Duncan D. Sinclair and others. The plaintiff recovered $1346 and costs.

Mr. GEO. P. WHITCOMB, for the appellant.

Messrs. BRANDT & HOFFMAN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *case,* in the Cook circuit court, in which a father sought to recover damages for an injury suffered by his minor son while in the employment of the defendant. A judgment was obtained against the defendant, which he seeks to reverse on this appeal.

There are some minor points raised by appellant in respect to the ruling of the court on his motion to quash the *alias* summons in the case, which it is not necessary to notice. The points of interest made by appellant are, that the verdict is not warranted by the evidence, and the instructions for the plaintiff were improper.

As we understand the case, the ground of complaint by appellee was, that his son, a lad of thirteen years of age, being employed by appellant to do certain work at his planing mill, not at all hazardous, was required by appellant, or his foreman, Gelbke, to do other work, which was dangerous, in doing which he lost the fingers of his right hand.

We have examined this record carefully, and the great preponderance of the evidence is, that the boy was not hired to do

any particular work about the mill, but to do such work about it as boys of his age and strength were capable of doing. He was employed, chiefly, in carrying off lumber, but he chose to feed the saw, a business not at all dangerous, if proper care is observed. The proof shows that it was not by any inherent danger in this business that the accident happened, but by the lad's own carelessness. He was there with his cousin Witte, whose business it was to feed the saw used in splitting the boards, and this lad's business to take them away. Without orders from any one, this lad left his post and went around to the front of the saw, to his cousin's place, picked up a board and put it into the machine, holding it until the saw could control it, and then, hurrying to get back to his place, thoughtlessly put his right hand on the saw, losing thereby his fingers. Was the lad suing, himself, he could not, under this proof, recover anything, nor can his father. The proofs furnish no ground for a recovery in this case.

The first instruction on behalf of the plaintiff is excepted to. We think the exception is well taken to that part of the instruction which tells the jury, as a consequence of such change of employment the accident in question happened, and that the same would not have happened but for such change of employment, then they should find the defendant guilty. The obvious fault in this instruction is, that it wholly ignores the negligence of the lad, which was the real cause of the injury, as the evidence shows.

We do not deem it necessary to consider any other points in the case.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*