Hatch, J.
The plaintiff an infant under thirteen years; of age was employed by defendant in its manufacturing establishment, a canning factory. When first employed she was placed at work shelling peas, stringing beans and cutting tomatoes, an employment which exposed her to-no danger, either in its performance, or from the surroundings where she prosecuted her labors. After being engaged, at this work for a few weeks she was sent by the forewoman. *89 to work upon the fourth floor, where she was required to carry out empty cans. The machinery of the establishment was on this floor. It consisted of a solder cutting machine, a cap cutting machine, power presses, shears, etc. Some of these machines were operated by girls, the motive power was steam, and most of the machines were usually in motion. They were in charge of one John Supplee, who kept them in repair, looked after the manner in which the employees did their work upon them, attended to the bathing and cooking of the canned goods, but had no authority to employ or discharge servants. The general supintendent having such power was named McNair. Plaintiff in carrying out cans was not obliged to go near the machinery, and not nearer than thirty feet to the cap cutting machine. After working a short time carrying out cans, plaintiff applied to Supplee for leave to run the solder machine, which was granted. McNair saw her at work at this machine, and at that time directed her to assist about getting out some cans which she did, and then returned to work upon the machine. She so continued to work, in all about a day and a half, when there was no more solder to cut, nothing to do and she remained idle. Without direction or permission from the defendant, or of any other person, she went to the cap cutting machine, commenced cutting caps and was almost immediately injured, by having the Angers of her hand cut by the knives of the machine, necessitating the amputation of one and severely cutting three others. At the time of commencing work on the fourth floor, nor at any time after, were instructions of any character given plaintiff, nor was she warned of the existence of any danger, or cautioned about going near the machines.
The only notice of any character was one which defendant had caused to be posted, forbidding any of the employees on the lower floors going up stairs unless permitted or directed by the forewoman to go. The cause was tried in the municipal court of Buffalo, and upon conflicting testimony the plaintiff had judgment. The rule is well settled that where the evidence is conflicting, or the inferences to be drawn therefrom, are not certain, so that men of ordinary prudence might differ, the question is for the jury or the court sitting in its place. It is not a question of law, but of fact, and a finding otherwise free from error should not be disturbed. Thurber v. Harlem. B. M. and F. R. R. Co., 60 N. Y., 331.
There is but little difficulty in stating the rule of law applicable to cases of this character. The difficulty lies in applying the law to the facts of the particular case. Thus it *90 may be stated that a defendant is liable for an injury which happens to his employee where such injury is due to his negligence or want of proper 'care in or about the matter or thing which produces the injury, coupled always with the other fact that the plaintiff is free from negligence contributing thereto.
This rule is subject to some modification in the case of infants. There the employer is held to a more strict accountability. When an employer engages the service of an infant in a dangerous occupation, or when the service performed is safe in itself, but the surroundings are dangerous, an active, affirmative duty rests upon the employer to provide safeguards, and to give to the infant such instructions as will enable him to understand and appreciate the danger by which he is surrounded, such safeguards and instructions to be measured by the danger to be apprehended and the capacity of the infant. Thurber v. Harlem, B. M. and F. R. R. Co., 60 N. Y., 326, 335, 336; Coombs v. New Bedford Cordage Company, 102 Mass., 572.
In the case last cited the plaintiff, a boy nearly fourteen years of age, was employed in taking hemp away from a machine; by the side of where he worked stood another machine with exposed cog wheels; while separating the hemp, which came from the machine into a can preparatory to its removal, his hand came in contact with the exposed cog wheel by which it was crushed. The court, in its opinion, say: “The notice which the defendants were bound to give the plaintiff of the nature of the risks incident to the service which he undertook, must be such as to enable a person of his youth and inexperience in the business, intelligently to appreciate the nature of the danger attending its performance. * * * The obligations of the defendants would not necessarily be discharged by merely informing the boy, that the employment itself, or a particular place, or machine, in the building or room in which he was set to work, was dangerous, * * * it was the duty of the defendant to take especial precautions for his protection.”
The supreme court of Indiana in Hill v. Gust (55 Ind., 45), affirms the same doctrine, stating the rule as follows: “An employer is bound under the law, to give a person of tender years whom he employs^ due caution, explanation and instruction, when he sets him to work in a dangerous and hazardous place. ”
In Boland v. Missouri Railroad Co. (86 Mo., 484), the supreme court states the rule thus: “ If, therefore, any one using dangerous instruments, running machinery, or employing vehicles, which are peculiarly hazardous, and he knew that infants, idiots, or others who are bereft' of, or
*91 have but imperfect discretion, are in close or immediate proximity, he will be compelled to the exercise of a degree of caution, skill and diligence which would not be required in the care of other persons.” The supreme court of Vermont announces the same doctrine. Robinson v. Cone, 22 Vt., 213. We are aware that in the case last cited, the ■court is not in harmony with the views expressed in Hartfield v. Roper (21 Wend., 620), but that question is not in this case, nor was it tried below upon that theory. The proposition upon which the case is cited sustains the views, and is in harmony with those of our own courts.
The same rule, also, obtains in England. Grizzle v. Frost, 3 Fost. & Fin., 622; Sullivan v. India Manufacturing Co., 113 Mass., 396; Buckley v. Gutta Percha Manufacturing Co., 41 Hun., 450.
While the law requires this degree of care upon the part of the employer, it by no means dispenses with care and ■caution upon the part of the infant. Negligence upon his part contributing to the injury is as effectual by way of ■defense as though he were an adult. What constitutes negligence, however, upon his part, is to be determined by the evidence and the inferences which arise therefrom, measured and graduated by his age, and capacity to appreciate his surroundings, and herein ordinarily lies the difficulty in this class of cases. Byrne v. N. Y. C. and H. R. R. Co., 83 N. Y., 620.
In Thurber v. Harlem, B. M. and F. R. Co. (supra), it is said, that: “The caution required is according to the maturity and capacity of the child, a matter to be determined in each case by the circumstances of that case.”
In Dowling v. N. Y. C. and H. R. R. Co. (90 N. Y., 670), the court say: “But it .is well settled that the same degree of cave is not required of an infant of tender years which is required of an adult. An infant to avoid the imputation ■of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age, and in passing upon the question of contributory negligence the age of the infant, with all other circumstances in the case, is to be considered by the jury.” Wendell v. N. Y. C. and H. R. R. Co., 91 N. Y., 420; Railroad Company v. Stout, 17 Wall, 657; Lane v. Atlantic Works, 107, Mass., 104. An infant servant may know all the facts and still be utterly ignorant of the risks. Finnerty v. Prentice, 19 Alb. L. J., 160; S. C., 75 N. Y., 615; Hayden v. Smithville Manuf. Co., 29 Conn., 548-559. In all the varying phases in which this question has been presented it has been almost uniformly held to be a question of fact for a jury to pass upon, taking into consideration the facts and circumstances. There are, however, cases cited, and relied upon by the appellant, *92 where the courts have held, upon the facts presented, that the infant was guilty of contributory negligence as matter of law. These cases will now be considered. Wendell v. N. Y. C. and H. R. R. Co., 91 N. Y., 420.
The plaintiff’s intestate, a bright active boy of seven years of age, who was perfectly familiar with the railroad-crossing where he lost his life, was standing with a boy, two-years his senior, near the flag shanty of defendant. There were two flagmen stationed at the crossing, both of whom were properly attending to their duties. A train was approaching in plain view, and could be seen for a distance of five hundred feet from the point where the boys stood. As the train approached the crossing the boys suddenly started on a run to cross the track; the flagman facing called for them to stop, waving their flags as signals. The older boy crossed in safety. One of the flagmen who stood upon the sidewalk, about fifteen feet from the track, attempted to catch deceased but the boy eluded him, and running upon the track sliped and fell in front of the engine, and was killed. The flagman attempted to rescue the boy, but by reason of the closeness of the engine was unable to do so. At the time when the boy started there was a team standing in the street, which had been stopped by the flagmen, and some people on the opposite side of the track waiting for the train to pass. There was no noise or occurence to distract attention, and no noise of any kind, save the ringing of the bell upon the approaching engine. Every circumstance was calculated to attract attention to the danger, nothing to divert it. The only evidence of negligence on the part of the defendant was the alleged dangerous speed of the train, but the evidence was uncontradicted, showing that the train stopped at its accustomed place, which was within 500 feet of the crossing, and a third of its length stopped below the'point of accident. The court held that the evidence showed contributory negligence upon the part of deceased, and no recovery could be had. These facts would seem to show that deceased acted in a willful, reckless manner, when the danger was highly apparent to the most immature mind, considering that the person was sui juris.
The case of Flood v. Buffalo, N. Y. and P. R. R. (23 N. Y. Week. Dig., 501), in its facts is so similar to the case last reviewed as to fall within the principle there laid down. Yet the learned justice who wrote for the court recognized it as a border case. Slight circumstances would have changed the rule.
In Murphy v. Mairs (6 N. Y. State Rep., 42), the injury was the result of accident, that no reasonable person could anticipate, and consequently no negligence could be imputed to defendant; besides the plaintiff had been instructed *93 about the work. But if it were different, the danger of being caught between the rolls of the machine and the drum was so apparent that no one would think of cautioning a boy twelve years old of the danger. These cases all proceed upon the theory that the danger in each was so open and apparent that it could not fail to impress itself upon the most tender and immature mind of an infant, admitted to be sui juris.
An infant capable of running errands, familiar with the surroundings, can scarcely be said to have no adequate appreciation of the power and force of an engine with a train of cars attached, and the result, which must necessarily be reached if he confronts it while in motion. So, a boy, twelve years old, instructed how to perform his work, in a perfectly safe place, need hardly be told that to place his hand between heavy rollers in motion would hurt him. Such holding, in either case, would be repugnant to common observation and knowledge.
In Sinclair v. Berndt (87 Ill., 174), a boy thirteen years old was injured by thoughtlessly and carelessly placing his hand upon a running saw. This was clearly a negligent act within the reason and authorities in this state.
In Honor v. Albrighton (93 Penn. St., 475), it appeared that the boy (thirteen years old) was aware of the dangerous condition of the rollers and their condition at the time of the injury. With such knowledge he choose to go beyond the duty required, at the call of a co-employee, and it was held he could not recover.
In Brown v. Byroads (47 Ind., 435), the plaintiff was an adult. He left a place of safety for one of danger, where he was injured, in direct violation of his instruction. He was properly held guilty of contributory negligence.
In Foy v. Buchanan (4 N. Y. State Rep., 894), the plaintiff was cleaning a machine upon which she was at work, while in motion. Notices were posted forbidding it. The court says, taking this into consideration, together “with the manifest intelligence of plaintiff, make it entirely clear that she could not have been ignorant of the peril she incurred when she undertook to clean the machinery around the revolving wheels.”
Let us now apply these principles to the case in hand. The plaintiff, at the time of the injury, was an infant under thirteen years of age. By chapter 409, Laws of 1886, page 629, the defendant was prohibited from employing plaintiff in any capacity, and if defendant employed plaintiff, knowing her age, it became hable to be punished by a fine. In the view we take of this case, it is not necessary to decide what the effect of this statute is, as affecting the liability of the defendant, beyond the fact that by em *94 ploying a child of this age, by virtue of the statute, as well as independent of it, defendant owed her an active affirmative duty, to use all necessary and reasonable precautions, in protecting her from injury, and not to allow her in a place of danger, without surrounding her with such safeguards as would suggest themselves to an ordinarily prudent-person, and by giving her such instructions, as her capacity required, to enable her to understand and appreciate the danger of her situation. So we start with the fact that she was employed in violation of law. She was placed at-harmless employment, áurrounded by no danger. Of such fact, her parents were informed. After a few weeks spent there she was directed by the forewoman, Miss McG-aw, to-go to the fourth floor for work. She did go and while there applied to John Supplee for leave to run the solder-cutting machine; this was permitted and she commenced work upon the machine, such employment continuing for a day and a half, until the solder was exhausted. In directing this child to go upon the fourth floor to work, and she acting upon such direction, we are of the opinion that it became, and was the duty of the defendant, to give to plaintiff full and complete instructions as to the character of the machines upon this floor and the danger to be apprehended from them, as the capacity of the child required, in order to enable her to properly understand the character of her surroundings and the danger to be avoided. In this respect Miss McGaw and John Supplee represented the defendant and were not in a legal sense co-employees. Crispin v. Babbitt, 81 N. Y., 516.
Plaintiff was given no instruction of any character—was; not even warned of danger; she was permitted to run one-machine, whether dangerous or not, does not appear; she was left idle in the presence of the machinery, where other-girls were operating the machines. Whether she was bright and intelligent, or dull and stupid, the record fails to show. There is no evidence as to the measure of her-capacity. The machineswere in motion. Plaintiff walked a distance of thirty feet to the cap cutting machine, started to work it, and was almost immediately injured. Whether the danger was great and apparent, or small and not readily discerned, does not appear.
That the machine was dangerous may be inferred from the facility with which plaintiff was injured. Railroad Co. v. Stout, 17 Wall., 657, 661.
Plaintiff testified that she went to the machine because “she did not want to be idle * * * I went there because I wanted to.” She had been allowed to work at one-machine without instruction; might she not reasonably suppose that she would be allowed to work at the other,, *95 especially as there were other girls at work at machines? If she went out of curiosity, following the natural instincts of a child, would she be negligent? True no one directed her to go, neither did they direct her not to go. She was idle, a child without instruction, placed in this position by' the negligence of the defendant; we think under such circumstances that it is a fair question upon which men of “ordinary prudence and discretion might differ as to the character of the act, under the circumstances of the case, the position and conditions of the parties.” Thurber v. Harlem, B. M. and F. R. R. Co., 60 N. Y., 331.
The court below had all the parties before it could judge of the capacity of the plaintiff and the credibility of the witnesses. We are of opinion that its judgment should not be disturbed. It is, however, contended that the plaintiff, in going to this machine, was a trespasser, and, therefore, no recovery should be had.
It is doubtful if the claim can be upheld. She was left in the room idle, with no directions, either to go to or stay away from this machine. Being lawfully in the room, placed there by act of the defendant, if, with a desire to promote her master’s interest, or from the temptation to gratify childish curiosity which defendant had placed before her, without adequate conception of the danger, it would be a harsh rule that would hold her guilty of willful trespass. At the most it could only be considered a technical trespass, which we are of opinion, standing alone, would not prevent a recovery. It was a circumstance to be submitted and passed upon, together with the other facts in the case, but is by no means conclusive upon her right to recover. Mullaney v. Spence, 15 Abb. N. S., 319; Birge v. Gardiner, 19 Conn., 506; Lane v. Atlantic Works, 107 Mass., 104; Beach on Contributory Negligence, 211, § 69.
The doctrine expressed in McAlpin v. Powell (70 N. Y., 126), and Larmore v. Crown Pt. I. Co. (101 N. Y., 393; 1 N. Y. State Rep., 43), is not in conflict with the views here expressed.
In each of those cases the decision proceeds upon the theory that defendant owed no duty to plaintiff to protect him from injury, and owing no duty could not be made liable for an injury happening by the voluntary exposure of the person injured. We have already seen that defendant owed an active, affirmative duty to plaintiff. We have’ examined the other questions presented upon this appeal, but find no error therein. Judgment should be affirmed, with costs.
Beckwith, O. J., concurs.