McMahon v. O'Donnell.

---

KATIE McMAHON v. PATRICK O'DONNELL.

[FILED MAY 6, 1891.]

**Master and Servant:** INJURIES OUTSIDE SCOPE OF EMPLOY-MENT.   In an action by a girl thirteen years of age to recover damages for the loss of three fingers cut off in a straw cutter while in the employ of the defendant, the defense in substance was that the operating of the straw cutter was no part of her duties, and that she operated that machine voluntarily and

without the knowledge of the defendant. *Held*, That a clear preponderance of the evidence sustained the defense and that there was no material error in the instructions.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*Lamb, Ricketts & Wilson*, for plaintiff in error, cited: *Grizzle v. Frost*, 3 F. & F. [Eng.], 622; *R. Co. v. Fort*, 17 Wall. [U. S.], 553; *Coombs v. Cordage Co.*, 102 Mass., 572; *Jones v. Cotton Mills*, 82 Va., 140; *Cleveland Rolling Mill Co. v. Corrigan*, 20 N. E. Rep., 466; *Robertson v. Cornelson*, 34 Fed. Rep., 716; *Brazil Block Coal Co. v. Gaffney*, 21 N. E. Rep., 1102; *Hickey v. Taaffe*, 12 N. E. Rep., 286; *Ry. Co. v. Stout*, 17 Wall. [U. S.], 657; *Huff v. Ames*, 16 Neb., 139; *Fisk v. R. Co.*, 13 Pac. Rep., 144; *Jones v. Mining Co.*, 66 Wis., 268.

*Marquett, Deweese & Hall*, contra, cited: *Nolan v. N. Y., etc., R. Co.*, 25 Am. & Eng. Ry. Cases, 342.

MAXWELL, J.

This is an action brought by the plaintiff against the defendant to recover damages for the loss of three fingers cut off in a straw cutter.

On the trial of the cause in the court below, the jury returned a verdict for the defendant, and judgment was rendered thereon, dismissing the action.

The testimony tends to show that about the 1st of August, 1887, the plaintiff, who was then about thirteen years of age, was employed by the wife of the defendant to assist in caring for the defendant's children and in the performance of the lighter household duties. The arrangement seems to have been made by the plaintiff's mother, and the character of the plaintiff's labor was specified. The defendant possessed two cows, which, at the time the plaintiff commenced to work for the defendant, were taken care of

by the defendant's brother.    Early in September, 1887, the defendant's brother left, and it is claimed by the plaintiff that the defendant instructed the plaintiff to cut hay with the machine and feed the cows each evening.. This the defendant denies.    The straw cutter, as described by the witness, was turned with a crank, there being a balance wheel to equalize the motion, and the cutting was done by knives placed on a cylinder which revolved at the end of the cutter box.    As described by the witness it was a dangerous machine for a child to attempt to operate.    This straw cutter was kept in the loft of the barn, and the door into the loft kept locked and the key kept in the house; the plaintiff, however, well knowing where it was kept.

The defense is, that the plaintiff preferred to be out-doors playing with the children, to being confined in the house; that on the day on which she was injured she took three of the children and went into the loft of the barn and began operating the straw cutter with a son of the defendant, seven or eight years of age, to feed the machine.    As he fed the machine rather slowly, she made him step aside and fed the machine herself while turning the crank, and permitted her fingers to be drawn into the machine, and the injury for which this suit is brought, done.    Whatever the actual facts may be the clear preponderance of the testimony sustains the defense.    It is an unfortunate occurrence, and the case was so tried on behalf of the plaintiff as to excite the sympathy of the jury, as it does that of the court, yet both courts and juries must be governed by the testimony, and not by sympathy or feeling.    After the accident, the plaintiff expressed her gratification that it had occurred to herself and not to the little son of the defendant, who probably would have lost his hand had it been drawn into the machine.

There seems to have been but little feeling on the part of the witnesses—even the parties themselves testifying in a plain, straightforward manner, and the verdict responds

to the testimony. A new trial, if granted, in all probability would but add costs to those already accumulated. It is unnecessary to review the instructions asked or given. No particular error has been pointed out, and the instructions given are substantially correct. The judgment of the district court is

AFFIRMED.

THE other judges concur.