JOE STODDEN, Appellant, v. ANDERSON & WINTER MANU-
FACTURING COMPANY, Appellee.

**Master and servant:** DUTY TO WARN. The duty of a master to warn
1 and instruct an employé, in respect of the dangers incident to the use of machinery, does not extend beyond the particular machinery which the servant is employed to use.

**Same:** ASSUMPTION OF RISK. An employé assumes the risk incident to
2 the use of a machine for his own convenience and with which he is not employed to work.

*Appeal from Clinton District Court.*— Hon. A. P. Barker,
Judge.

Thursday, May 7, 1908.

Action at law to recover damages for a personal injury.
There was a directed verdict in favor of defendant, and plaintiff appeals.— *Affirmed.*

*W. E. Russell* and *Wolfe & Wolfe,* for appellant.

*Ellis & McCoy,* for appellee.

Bishop, J.— The defendant is a corporation engaged
in operating a furniture factory in the city of Clinton, this
State.   At the time of the accident out of which grew the injury of which complaint is made, plaintiff was in the employ
of defendant as a workman in its factory.   The accident
occurred in connection with the use by plaintiff of a machine
called a " joiner," and the injury consisted in the loss of the
fingers of his left hand.   As matters of negligence on the
part of defendant, it is alleged — stated generally — that
the joiner was out of repair, and that it was not furnished
with a guard to properly protect the person operating the
same from injury.   And it is said that the defective condition was not open or visible, and that defendant failed to
warn him of the danger.   Defendant denied generally, and
pleaded an assumption of the risk by plaintiff.   The motion
for a directed verdict came at the close of plaintiff's evidence,
and was based upon the grounds:   (a) that negligence on
the part of defendant had not been shown; (b) that plaintiff
was guilty of contributory negligence; (c) plaintiff assumed
the risk of operating the joiner at the time and in the manner in which he attempted to operate the same.   As the correctness of the ruling on the motion must depend upon the
facts and circumstances of the accident as disclosed by the

evidence, we shall set the same forth briefly as is consistent with a fair statement.

Plaintiff was twenty-five years old, and had been in the employ of defendant for about four months — his work during all that time being the operation of a ripsaw. On the day of the accident, he conceived that the table provided for the saw he was using was not wide enough for convenience in working, and having in mind that the foreman had previously told him to fix anything that was not right, he concluded to widen the same by attaching an additional board. The piece of board selected by him for the purpose was too thick, and, acting on his own motion, he went to the " joiner," intending by the use thereof to reduce the board in thickness to the extent desired. When he had pushed the board about half way through the machine, it (the board) " kicked up," to use his expression, and his fingers coming in contact with the knives of the machine were severed from his hand. It seems that the kick up of the board was caused by the setting of the table of the machine — the rear portion thereof being lower than the front portion. Plaintiff testified that he had been employed in woodworking factories for several years; that he had had more or less experience in the use of joiner machines; but that he did not know that they could be used with the table adjusted as was the one in question. Other witnesses testified that the machine was constructed so that the rear portion of the table could be raised or lowered as desired, and that the use thereof when lowered was common and proper for some purposes; that in some factories the machine was safeguarded by a hood or other device, and in others it was not. Whether or not there is more than one kind or make of joiners does not appear. There was no evidence tending to show that the machine was out of repair.

Such is the fact situation, and, in view thereof, we conclude that the court did not err in directing a verdict. Not only does the evidence fail to make a case of negligence on

the part of defendant, but it is clear that plaintiff assumed the risk in using the machine, and that the accident was due to his own want of care. There was no duty on the part of defendant to warn and instruct. Plaintiff was not employed to operate the joiner, and, as far as appears, no one knew that he intended to attempt its use. The duty to warn and instruct in respect of the use of machinery does not extend beyond the work the servant is employed to do, and then only as to those dangers which the master knows or has reason to believe the servant is ignorant of. *McCarthy v. Mulgrew,* 107 Iowa, 76; *McCue v. Starch Co.,* 142 N. Y. 106 (36 N. E. 809). And, conceding that there was a duty resting on the master to hood or safeguard the joiner, this duty was owing only to such persons as in the course of their employment were required to use it. It was not a duty owing to a volunteer.

*1. Master and servant: duty to warn.*

That in undertaking to use the machine, plaintiff assumed the risk of accident, does not to us seem open to doubt. He might as well have gone to the engine room and undertaken to put the engine in operation to subserve some purpose held in mind. And it could make no difference that such purpose, in the abstract, was a proper one. Moreover, plaintiff knew that the machine was not hooded, and he knew that it was provided with sharp blades which would cut his fingers off if they came in contact therewith. If, now, he was familiar with the operation of the machine, and failed to properly adjust it, whereby the accident occurred, he was negligent. If he was not familiar with the operation of the machine, but notwithstanding this he assumed to make use of it on his own motion, he was negligent. These conclusions do not need the citation of authorities in their support. The cases are all one way, and are familiar to the profession.

*2. Same: assumption of risk.*

There was no error, and the judgment is *affirmed.*