Caetano Iavaroni, Appellee, v. Grand Crossing Tack Company, Appellant.

Gen. No. 15,035.

MASTER AND SERVANT—*when duty of instruction does not arise.* The duty of instruction does not extend to work which the servant is not expected to do.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1908. Reversed. Opinion filed April 18, 1910.

HANS L. HOWARD, for appellant; O. W. DYNES, of counsel.

CHARLES M. THOMSON, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee, a boy over sixteen years of age at the time of the accident complained of—May 19, 1903—was employed in the factory of appellant at Grand Crossing, Illinois. He had been employed there at a former time, and during that former employment had worked on a "washer machine" on the third floor of appellant's factory. He subsequently left that job for awhile because of illness, and upon his return seeking re-employment he was given work upon nail machines on the second floor of the building. At the time of the accident in question he had been at work there about six months. For a number of weeks before the accident he had charge of barbed wire machines in addition to the nail machines. The accident occurred about two o'clock in the afternoon. He had been told to work on one of the barbed wire machines. He found that a wedge used on that machine was missing. This wedge he described as "a piece about four inches long, sticking in, wedge like, to keep the wheel tight." This piece had been lost once before but he had "looked around and found it." On this occasion he could not find it. He says he spoke to the foreman, telling him the wedge was gone. The latter replied, "Well I am busy now. Do the best you can." Plaintiff says he looked around and could not find the wedge but found a different piece of iron, a little thicker than he wanted. Some distance from where he was employed to work was a hack saw machine, and plaintiff went to this hack saw intending to use it to cut off a part of the iron piece, "but the belt was off." The hack saw rested on a bench a little over a foot and a half in height. Four or five feet from it was the pulley which operated it. This was about two feet over his head. He could not reach it with his hands while standing on the floor, and when

he tried to put the belt on he stood on a box about two feet high. He testifies, "When I put the belt up, the belt slipped in and caught my hand under the pulley;" "the belt caught my left arm and swung it up under the pulley," breaking the arm, and tearing the machine from its base. The jury awarded a verdict of $4500, for which amount judgment was entered. Defendant appeals.

The case was tried upon one count of the declaration, the others having been dismissed. The negligence charged is that defendant "carelessly, negligently and wrongfully failed to give said plaintiff reasonably proper and sufficient instructions concerning said cutting machine (hack saw) aforesaid, and said belt and shafting on said bench and table aforesaid and concerning the operation of said appliances," of which defendant knew and plaintiff did not know and had not equal means of knowing; "and while said plaintiff was then and there as directed by the said defendant engaged in the performance of his duty in and about the replacing of said belt on said pulley, the said cutting machine suddenly and without any previous warning became unfastened and broke away from said table or bench," by reason of which plaintiff was thrown against said belt and his left arm was caught, inflicting the injuries complained of.

Defendant's attorneys insist that the plaintiff's injuries were caused by his own negligence, and that the defendant was not guilty of negligence as charged. Assuming for the time being that the plaintiff was at the time of the accident in the defendant's employ, which is a matter of dispute, the evidence shows beyond question that he was not injured in the course of his employment. There is no evidence to which our attention has been called which tends to show he was in any way authorized or expected or directed to operate the hack saw, or to adjust a belt upon it for any purpose whatever. He undertook to do this of his own volition. He states his duties as follows:

"I was working on five machines in the forenoon. In working on the nail machines I fed the wire to the machines, and the machine makes it into nails. My work is to bring the wire there, and I was supposed to take the nails or tacks away and put them behind the machine, and move them away from where they came out of the machine. They are piled in a box back of the machine. I would pull the box away and put an empty box in its place. I take the full boxes and pile them up behind the machine. Then some one else comes along with a truck and takes them away to a different part where they are put in kegs. The barbed wire machines operate themselves. I would bring the wire to the machine and feed it through and fix them up, put the belt on the fly wheel and start the machines."

It is said by plaintiff's attorney that whether a servant was guilty of contributory negligence or was a mere volunteer or was directed to do the work in which he was injured, was a question for the jury and that where evidence is conflicting the finding should not be disturbed unless manifestly improper. Here however the evidence material to the issue is not conflicting. The plaintiff was employed to operate certain machines and he had done so safely for some months. When on this occasion he found missing a wedge which was used to keep a wheel tight, he spoke to his foreman. The latter replied, "I am busy. Do the best you can." There is in these words no suggestion or intimation that the employe should undertake to make a wedge and try to start another and different machine in order to do so, a machine of an entirely different character from that on which he was employed. The words cannot be given reasonably any such interpretation. The widest meaning of which they are susceptible under the circumstances cannot be held to include a direction or any authority to the employe to leave his machine in order to adjust belts to other moving machinery having no relation to his

employment. The plaintiff was not employed to manufacture wedges nor authorized to do so. "Do the best you can," in the ordinary and usual significance of the words under the circumstances would be taken to mean "do the best you can with the machine as it is." The machine would with care run without the wedge, apparently. It would require more watching, because as plaintiff says, "if the wedge was not there the wheel was loose and would not run right. The nut would come off and loosen all the wheels."

The declaration charges defendant with negligently failing to give plaintiff proper and sufficient instruction as to the hack saw machine and its operation. Is it then the duty of an employer when he hires an employe for certain specified work upon specified machines to take him over the factory and explain the purpose and how to operate other machines with which under his employment the servant has nothing to do in the master's service? In Bailey on Personal Injuries (Vol. 2, Sec. 2670) it is said: "The duty of instruction does not extend to work which the employee is not expected to do. It was so held where a boy undertook to perform work with a machine in a place in which he was not expected to work." Plaintiff's attorney asserts "that it was the duty of the defendant" to instruct the plaintiff as to the saw and belt and shafting and that this is "abundantly shown by the relations and circumstances of the parties as disclosed by the evidence." We find no such evidence, and assertion will not suffice to supply the place of evidence.

There are a number of alleged errors discussed in the briefs, which in view of the conclusions stated, it is unnecessary to consider. Under the showing made by plaintiff's evidence we are of opinion he is not entitled to recover. The judgment of the Circuit Court will therefore be reversed with a finding of facts.

*Reversed.*