# LEO J. BORK v. KELLER MANUFACTURING COMPANY.[1]

June 26, 1914.

Nos. 18,662—(176).

**Judgment notwithstanding verdict — contributory negligence.**

1. In this, a personal injury action, the defendant was not entitled to a directed verdict, nor to judgment notwithstanding the verdict, either on the ground that the evidence failed to establish that plaintiff was injured within the scope of his employment, or upon the ground that contributory negligence conclusively appeared.

**New trial.**

2. No errors are assigned which warrant a reversal of the order denying a new trial.

Action in the district court for Hennepin county to recover $10,-000 for personal injury received while the infant plaintiff was in the employ of defendant. The answer alleged that the injury was received while plaintiff was working on a jointer contrary to his employment and to the instructions which he had received from defendant, and that his injury was due solely to his negligence and his failure to exercise the care for his safety which an ordinarily prudent person would have exercised under like circumstances. The case was tried before Hale, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict of $2,000 in favor of plaintiff. From an order denying its motion for judgment in its favor, notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

*John Junell,* for appellant.

*Kennedy & Kennedy,* for respondent.

HOLT, J.

Plaintiff, a young man 20 years old, was employed by defendant in its factory. During two weeks he piled lumber and then began

[1] Reported in 148 N. W. 113.

to operate a planer. He worked in the night shift. In the factory were other wood-working machines, and one of these, a jointer, stood near the planer upon which plaintiff worked. It appears that during the night no one was regularly using the jointer. Plaintiff's hand was severely cut and mutilated in the jointer within one week after he was set to run the planer. This action was then brought, on the claim that his injuries were caused by defendant's negligence. Verdict for plaintiff, and, from the order denying defendant's alternative motion for judgment or a new trial, it appeals.

The appellant's first contention is that judgment should have been ordered in its favor notwithstanding the verdict, because the evidence does not justify a recovery. Plaintiff in the complaint, and in the evidence, asserted that the knives on the jointer were negligently left without a guard, when it was feasible to have one thereon, and also that plaintiff was not properly instructed how to use the machine or informed of the dangers to be avoided. It was undisputed that plaintiff was to run the planer; and he had nothing to do with the jointer, upon which he was injured, unless authority to use it may be found in his testimony. He testified that when he was set to work on the planer he was shown how to oil it, and told "to take care of the machine, repair it, and keep it in good condition," and that he did oil it and spliced a belt or two when the occasion arose. He said that on the night of his injury a thin board installed for the purpose of facilitating the feeding of short material into the planer became unfit from wear. In order to repair, or replace it, he took another thin board, 10 by 14 inches, over to the jointer to smooth it down to the proper thickness, and, when he attempted to shove it over the knives of the jointer, the board was jerked out of his hands, and because of the absence of a guard one of his hands was caught. He further testified that while he was employed there it was the practice of the foreman and of others doing the same work as he was doing to use the jointer, whenever it became necessary to plane boards in similar repairs upon machines. It is true plaintiff's story was squarely and strongly contradicted by the foreman and other witnesses, and it has inherent weakness; but, with all that, it was for the jury, and their verdict, sustained by an experienced trial court,

cannot be disturbed under the well-settled rules governing this court. By the answer the defense, that plaintiff was not authorized to use the jointer, was specifically interposed, and it was submitted to the jury by the following instruction which is not challenged: "If you find that there was a board there, although you find that the board was worn so that the machine did not work well, and you find that he was not authorized, under all the circumstances of the case, to go to this jointer to have a board planed, and he was injured because he went there and attempted to get the board planed, then your verdict will be for the defendant; because unless the plaintiff was authorized to go over there, either impliedly or directly, he was outside the line of his duty; they did not employ him for that purpose; and it would be a voluntary act on his part, for which he could not recover if he received injuries in consequence." The.law is that, in order to entitle a servant to recover damages on account of his master's alleged negligence, it must be shown that the servant was acting within the scope of his duties when the injuries complained of were received. Green v. Brainerd & N. M. Ry. Co. 85 Minn. 318, 88 N. W. 974. There is no duty to instruct as to machines in the factory which the servant is not to operate, nor can he be said to be within the scope of his employment when he undertakes without authority to run another machine than the one entrusted to him. Stodden v. Anderson etc. Mfg. Co. 138 Iowa, 398, 116 N. W. 116, 16 L.R.A. (N.S.) 614; Iavaroni v. Grand Crossing Tack Co. 154 Ill. App. 601; Lindstrand v. Delta Lumber Co. 65 Mich. 254, 32 N. W. 427. In the case at bar plaintiff succeeded in showing, to the satisfaction of the jury, implied authority from the practice in vogue, as he claims, under which men, doing work like his, used the jointer for the same purpose he undertook to use it. Authority may be found from a custom or practice as effectively as from a specific direction. Defendant was clearly not entitled to judgment upon the claim that contributory negligence was conclusively proven.

The errors of law assigned as grounds for a new trial are these: (1) Misconduct of plaintiff's counsel in asking questions implying that defendant's foreman had been drunk; (2) abuse of the court's discretion in refusing the jury a view of the machines; and (3) error

in the charge. There is nothing upon which to order a new trial here. No objection was made to the questions asked a witness in regard to the condition of defendant's foreman. The inquiry, which was very limited, brought out nothing damaging to the standing or reputation of the foreman. The appellant's counsel suggested to the court during the examination of the first witness that the jury ought to have a view of the jointer. The court said: "I will determine that towards the end of the trial; we won't consider it now." No further request or suggestion of a view is found in the record. The only criticism of that part of the charge upon which is assigned error is that there is ambiguity or uncertainty as to what machine the court referred to when speaking of the necessity of instructing plaintiff in its use. Clearly this is a defect of the kind deemed waived unless the court's attention is directed thereto before the jury retires.

The order must be affirmed.