HAROLD BLACKMAN, APPELLEE, v. WESTERN ELECTRIC COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 12, 1915.    No. 17,992.

Master and Servant: INJURY TO SERVANT: ACTIONABLE NEGLIGENCE. Where an employee voluntarily goes outside of the scope of his employment without the permission or the knowledge of his employer, and operates a rip-saw by which he is injured, the employer

Blackman v. Western Electric Co.

is not chargeable with actionable negligence for failing to give warnings of danger or instructions to prevent injury.

Appeal from the district court for Douglas county: Willis G. Sears, Judge. *Reversed.*

*John W. Parish,* for appellants.

*Sullivan & Rait, James O'Hara* and *Edward Simon,* contra.

Rose, J.

This is an action by plaintiff against his employer, the Western Electric Company, and its foreman, to recover damages in the sum of $10,000 for personal injuries. From a judgment in favor of plaintiff for $3,000, defendants have appealed.

When plaintiff was injured, he was 16 years and five months old. His regular work was taking apart and cleaning telephones and polishing nickel. Being anxious to make a partition in a drawer in which he and fellow employees kept their tools, he went to a rip-saw in his employer's workshop, January 2, 1911, with a four-foot board four inches wide, and ripped it through the center. In doing so, the saw severed from his left hand the index finger and the thumb. The negligence imputed to defendants consists in their failure to warn plaintiff of the dangerous character of the saw and to instruct him in its operation and use. They denied negligence, and pleaded that plaintiff voluntarily went outside of the scope of his employment without his employer's permission or knowledge and injured himself through his own negligence.

The sufficiency of the evidence to sustain the verdict is the determining question presented. There is nothing to indicate that plaintiff was handicapped by any mental or physical infirmity. When injured, he was not acting within the scope of his employment. He was neither directed by defendants to make a partition in the tool drawer nor to use the rip-saw for that purpose. To sustain the verdict, he relies on special permission and the resulting duty to

give warnings of danger and proper instructions to prevent injury.

Plaintiff testified that he asked the foreman in charge, a few days before the injury, for permission to use the saw for the purpose of ripping the board, and that the foreman said, "Yes," then added, "Wait until we invoice." Plaintiff testified further that he had no personal knowledge that the invoice had been taken when he used the saw, but took it for granted. There is no competent evidence to establish that fact. It is not shown that, after having assumed the invoice had been taken, he renewed his request or subsequently obtained permission. He stated he did not know that, while using the saw, he had been observed by the foreman. The latter testified the injury was inflicted before he knew what plaintiff was doing. Knowledge of defendants, before the injury, that plaintiff was using the saw is not shown. Plaintiff voluntarily went outside of the scope of his employment, without the permission or the knowledge of defendants, and operated the rip-saw by which he was injured. Under such circumstances an employer is not chargeable with actionable negligence for failing to give warnings of danger or instructions to prevent injury. *McMahon v. O'Donnell,* 32 Neb. 27; *Stodden v. Anderson & Winter Mfg. Co.,* 138 Ia. 398, 16 L. R. A. n. s. 614; *Sinclair v. Berndt,* 87 Ill. 174.

It is suggested that plaintiff had implied permission to use the saw, and that, in doing so, he acted within the scope of his employment. These suggestions are based on evidence that plaintiff, about two weeks before the injury, had used the saw four hours in cross-cutting boards. From this experience permission to use it generally, or at the time of the injury, cannot fairly be inferred. He then acted under special directions from the foreman and used a gauge. He was not required to put his hands near the saw. There was increased danger in the attempt to cut a narrow board lengthwise. He had never been allowed to do that kind of work. He did not prove his case. For that reason, the

judgment in his favor is reversed and the cause remanded for further proceedings.

REVERSED.

MORRISSEY, C. J., not sitting.

HAMER, J., dissenting.

When the foreman told the plaintiff, on his request, that he could use the rip-saw to rip the board, that was consent to do the dangerous act, and the further statement of the foreman, to "wait until we invoice," did not take away the consent, and at most was only a request by the foreman to defer the act of sawing the board. The permission to rip the board should have been followed at once by special instructions or a positive command to wait until after they were given. The boy was carelessly turned loose, and the injury is the result. The judgment should be affirmed.