ERNEST TELLIER, Appellant, v. MARY E. DAVENPORT, Appellee.

**MASTER AND SERVANT:** Negligence—Contributory Negligence—Burden. An employee who voluntarily steps outside the zone of his specific employment and voluntarily engages in a work in which the employer is engaged, and is injured, must, in an action for damages, prove his own freedom from contributory negligence. (Sec. 11210, Code of 1924.)

Headnote 1: 39 C. J. p. 1005.

Headnote 1: 18 R. C. L. 630.

*Appeal from Humboldt District Court.*—F. C. DAVIDSON, Judge.

MAY 3, 1927.

Action at law, to recover damages for personal injuries.

Verdict and judgment in favor of the defendant. Plaintiff appeals. The facts are stated in the opinion.—*Affirmed.*

*Healy & Breen,* for appellant.

*Lovrien & Lovrien* and *John Cunningham,* for appellee.

STEVENS, J.—The plaintiff brings this action as an employee of the defendant's, to recover damages which he alleges were received by him during the period of his employment. The parties reside near each other, and, on the morning of June 5th, in response to a prior request by the defendant, plaintiff went to the latter's premises, to assist her in the shelling of some corn. The particular work for which he was employed was to haul the corn from the sheller. For this purpose he furnished his own team and wagon. Plaintiff arrived at defendant's farm about 7 o'clock A. M. The corn sheller to be used in shelling corn was owned by one Dodd. It was to be operated by a tractor owned by the defendant. Plaintiff assisted Dodd and Fay Davenport, son of the defendant, in the preparation of the sheller for use. This task being completed, Fay Davenport drove the tractor to the south side of the granary, with the rear toward the building. Plaintiff and Dodd went into the granary, and the latter took a belt therefrom, and placed it on the tractor. The driver of the tractor backed it up against the granary, one of the wheels crushing plaintiff's leg against the building, inflicting painful and serious injuries.

The court instructed the jury that the burden was upon the plaintiff to prove his freedom from contributory negligence. The giving of this instruction is assigned as error. No other question is presented.

Section 11210 of the Code of 1924 provides:

"In all actions brought in the courts of this state to recover damages caused by the negligence of the defendant, the burden of proving contributory negligence shall rest upon the defendant. This section shall only apply to actions brought by an employee against his or her employer, or by a passenger against a common carrier, and in such cases contributory negligence may be pleaded in mitigation of damages."

Interpreting this section of the statute, we have always held

that it is not applicable to injuries received where the servant is engaged in rendering some voluntary service not connected with the subject of the employment. *Lindquist v. King's Crown Plaster Co.*, 139 Iowa 107; *Stodden v. Anderson & Winter Mfg. Co.*, 138 Iowa 398; *Hitchcock v. Arctic Creamery Co.*, 170 Iowa 352; *Byram v. Illinois Cent. R. Co.*, 172 Iowa 631; *Haller v. Quaker Oats Co.*, 181 Iowa 389.

It was claimed by plaintiff that, at the time he received the injuries, he was engaged in assisting Dodd and Fay Davenport, at the latter's request. The jury, in answer to a special interrogatory submitted by the court, found against the plaintiff on this point. The sole purpose for which the plaintiff was employed was to haul corn from the sheller with his own team and wagon. Whatever services he may have rendered or was rendering in the preparation or arrangement of the machinery for shelling the corn were voluntary, and in no way connected with his employment. The statute is not in such case applicable, and the court very properly placed the burden upon the plaintiff to prove his freedom from contributory negligence.—*Affirmed.*

EVANS, C. J., and FAVILLE, VERMILION, and KINDIG, JJ., concur.